So the next case we're prepared to hear or argument on is United Products and Technology Limited versus Above Edge, LLC. My name is Joe Carr and I represent the appellants Above Edge and JFREED. Can you hold on? Can you just hold on? Oh, I'm sorry. Yes. Mr. Carr, while folks get settled here, let me just ask you what happened here in terms of the representation. I just was notified. The court was just notified this morning that you were going to be arguing this instead of Mr. Levinson. Can you tell me what's going on here? Yeah, so I had entered my appearance a week ago and we had all planned on me doing the oral arguments instead, and it was my impression that I had also filed a notice of acknowledging the hearing, but it doesn't seem like it made the docket, and I had not realized that now and just until I was informed by the clerk. And as soon as the clerk had informed me of that, I did file one. It's being confirmed through Mr. Levinson, who's saying as head counsel on the appeal that I would do the oral arguments. It was, I guess, understood, but not fully communicated to the court. Yeah, maybe in the future you could do a better job of maybe looking at that and be more careful with respect to that. Yes. Okay. Thank you. Looks like we're set up to proceed, so we're ready to hear this United Products and Technology Limited versus Above Edge LLC. Parties, if you're ready, you may begin. Mr. Carr. May it please the court. My name is Joseph Carr. I'm here representing the appellants Above Edge and J. Freed. The central question in this appeal is not whether we can prove definitely that no contract existed between United Products and Above Edge for the purchase of the mask, but rather when viewing the record in the light most favorable to appellants, there's still genuine disputes of material fact as to what the terms of the alleged contract was and who the parties were. So the district court had originally found... Those ultimately seem to be legal questions, really, don't they? I mean, whether there was a contract is a legal question, right? That's correct. So what you're saying, we would send it to the jury to figure out what the terms of the contract were? Well, no. What I'm saying is... I mean, because you're arguing there was no contract at all, right? We're arguing that essentially there was two contracts, one in which United Products had sold the mask to Imperial Glove and Safety, and Imperial Glove and Safety, in turn, sold the mask to Above Edge. And initially, the exchange of purchase orders could have created a contract had they been met by the party's conduct. And if the parties had carried out their conduct under that purchase order, then yes, you might have a contract. However... It's a different question of whether there was a contract in the first place. Well, if you look at the initial purchase order that was drafted by Hannon, the non-exclusive sales agent for United Products, that cannot be an offer. And yes, that is a question of law, because it was written on behalf of Above Edge and submitted to Above Edge. It was an invitation to deal. It's no different than getting an application for a credit card in the mail. If you fill it in, it has to be subject to final approval. Under the California Commercial Code, what that says is a purchase order can be met either through a promise to ship the goods or actually shipping the goods. Here, the parties clearly made that purchase order contingent upon the deposit. As you can see in the WeChat messages, the owner, Frank Q. of United Products, had no intent to ship the products until he received payment. He was saying it had become dire, and they got on a telephone call, and this is where the story splits. On one hand, Hannon says that they enlisted Imperial Glove & Safety simply as a servicing agent, and that a contract was formed when they shipped the goods. On the other hand, Jay Freed argues that Frank Q. refused to do business with them, and that in turn, Hannon's contract then brokered out the deal to Imperial Glove & Safety, and that his dealings and his liability, if any, or United Products, I'm sorry, Above Edge's liability would be to Imperial Glove & Safety only. Mr. Akkar, it seems like the facts in this case seem to be quite similar to the case of Steiner v. Mobile Oil Corporation. I'm trying to figure out why shouldn't we come out the same way as the court did there and find that the contract was formed even though what you say happened in your case happened. Parties exchanged slightly different versions of the purchase order. Why wouldn't Steiner guide us here? Well, and that's the whole question here is there's genuine disputes of material fact as to exactly who was Imperial Glove & Safety in this transaction. But the outcome in that case is different from what you're asking us to do here. Well, I would distinguish, and to be honest with you, I'm not entirely familiar, was not part of the briefing, the case that you had mentioned, but we would submit that that contract was contingent upon them receiving payment. Frank Q had no intention to send the regardless of what the papers say until payment was received. Once payment could not be rendered, then a different contract was created. So the conduct of the parties was different, and in turn, you have... What's your best case? So the best case here is first that Above Edge and Imperial entered into a separate contract where had Imperial purchased the masks from United, Imperial was not bound to deliver those masks. What's, to me, the best case that supports your position? Well, it's really under the commercial code, being that it's so fact-specific, and the court found based upon the conduct of the parties that there was a contract as well, that even if there was a contract, then the other side did not perform. They did not deliver the masks to New York, as it said in the contract, but nonetheless, there is no facts in the record... But you understand that's a separate argument, right? I mean, that's argument for breach, and I don't see you really advancing that to say, well, there was a breach here, therefore, we didn't need to fulfill our obligation. Are you making that argument? So yes, the first argument is if the purchase orders created a binding contract, then they never performed under that contract. On the other hand, it would be that if a contract is created by conduct, which was what the court had also mentioned, is that there's not enough information based on the conduct as to know what Imperial's glove and safety's actual involvement was, and pretty much what had happened when they decided not to send the masks to New York based upon not getting the paint. But I would also argue as well, which is probably more prudent to this appeal, is Jay Freed was held personally liable by the district court, and he is protected under the doctrine of the corporate veil. There was no evidence in the record that would permit the court to pierce the corporate veil. Moreover, there was no evidence in the record to say that he was acting in his individual capacity. Was this raised clearly before the district court? The district court did not weigh in on this issue, did it? Well, it was raised after the first pre-trial conference. But it was not re-raised at summary judgment. That's correct. United Products did not pierce the corporate veil in their motion. So why should we decide it? If you didn't raise it on summary judgment, and there's a summary judgment ruling, why should we step in and decide this question? Because United Products did not make a prima facie showing that he should be liable for the masks. It's their burden, not ours. We'd had nothing to rebut. You're saying that the district court just, well, I mean, it was your duty to say, wasn't it, that he wasn't liable? Well, yes, that was raised, but as the moving party, United Products was required to make the prima facie showing of some sort of piercing the corporate veil, or that he was a party to the transaction, and they failed to do so. Well, but I think their argument is that your client, and the lawyers represent your client below, didn't cooperate, didn't participate in discovery, and didn't respond to what appeared to be more than numerous discovery requests. In fact, your lawyer didn't show up at a hearing, and had to be sanctioned. So do we fall, because I understand the plaintiff, I'm sorry, here, United Products and Technology, likely should have raised it in its motion for summary judgment, and they didn't, from what I could tell, I agree with Judge Nelson, that it wasn't really discussed. And so, in the end, the district court did not address it. And so, I also have a question. What do we do with that? Because the district court here did rule against your client. Well, yeah, and I want to point out that the standard review here is de novo. So if the inclination is to give deference to that decision, I would say that would be an error. Well, there's an issue of forfeiture here, because I understand United Products moved for partial summary judgment. They didn't raise the piercing the corporate veil issue. But then the district court said, we're going to grant summary judgment against, you know, Above Edge and Jay Freed, and you should have, and gave you the opportunity to respond to the proposed summary judgment order. And at that moment in time, at least according to the briefing, you did not, or the counsel did not below say, wait a second, there's been no finding that the corporate veil should be pierced here, and you should not grant judgment against Mr. Freed. So why wasn't that a forfeiture? Well, it's not a forfeiture, number one, because we, it was raised throughout the record and it was raised in the answer. Number two, it's not a forfeiture because the court had already, we already raised or entered summary judgment, an order for summary judgment against him. So, and that was the order. You could have moved for reconsideration. We could move for, I'm sorry. When it was holding him liable and there was apparently no discussion of that in the motion for summary judgment. I'm just, I'm curious why that didn't move for reconsideration. It was not moved for reconsideration because it was decided that it was best taken up on appeal and it was appealed timely. And so why isn't that forfeited? I can't think of a situation where we're not raising, where if you, where a motion to reconsider is ever considered to be waiver or forfeiture, I mean. Okay. It's inconsistent with the way appeals and things are handled. It was objected to on summary judgment. The court found otherwise, and now we're taking it on appeal. That's the problem. It wasn't objected to on summary judgment. You raised it in your answer, but that is a problem because an answer doesn't preserve it, you know, from forfeiture. So, I mean, maybe you're right that the motion for reconsideration isn't required, but it's still troubling that you didn't make this argument at all below, and now you're asking us to give you relief on it. Well, I would say that for us to argue against it, we have to be put on notice as to what exactly their legal theories are. If they're trying to pierce the corporate veil, then that should have been raised in their motion. They're required to make the prima facie shown. Yeah. But let me ask you, why didn't your, I mean, it seems like you're asking for us to reward you now when your client did not participate in discovery. I mean, it seems like the plaintiffs may have been hamstrung here in not getting the information it requested, it needed to show whether there was an alter ego problem here. So, what happened there? Well, what happened is what appears in the record. There was some discovery that went past due. Both parties tried to extend it. Both parties were in agreement to extend it. We had agreed to allow them to file a motion to compel, but the district court didn't grant it. We, in turn, also filed to extend the time and reopen the scheduling order. So, at the same time, it was the district courts doing as well. And while it might have been in their discretion, they did not allow for flexibility when maybe justice required flexibility. All right. Thank you very much. Come forward. Good morning, your honors. May I? Yes, please. May it please the court. My name is Shab Karendian. I'm here appearing on behalf of Plaintiff and Appelee United Products and Technology Limited. Your honor, this is a straightforward breach of contract case, and the district court's judgment should be affirmed in its entirety. A lot of the issues that counsel has raised today, and they have raised in their appeal, directly stems from their lack of following procedure, court rules, and specifically court orders. And that has been echoing throughout this case. As I stand here, on May 8th, another sanctioned order was entered for their failure to comply with post-discovery orders, and they are being sanctioned $500 a day until they comply with that order, and they are still to this day not in compliance with that order. That was ordered on May 8th, your honor. May or may not relate to the case, but your client never received payment for the masks. Is that correct? Your honor, my client received $1,055,000 in payments. We are suing for the balance of that amount, which is $1,333,000. So as they stated in their answer, they acknowledged that they had paid my client $1,055,000. Now, going to the issue of these contracts and which contract is controlling, and there are two different POs. First of all, the court correctly looked at the law. The law is California Commercial Code Section 2204. A contract may be made in any manner sufficient to show an agreement, and in this case, the PO was submitted, the parties had a telephone conversation, reached an agreement, and that was confirmed via an email by Ms. Yasmin Hanane on April 13, 2020. That email, which is attached to my client's declaration in support of the motion for summary judgment, clearly states that their agreement is reached. You have ordered 20 million masks based on so-and-so terms, and then turns the discussions to go on WeChat. Just because you have limited time, and I think the arguments on the contract formation are adequately briefed, I have particular questions about the personal liability issue, because the way I read your motion for partial summary judgment, you do not, or I'm not sure if you're the counsel below, sorry, but it was not argued in the motion for summary judgment by United Products that the corporate bail should be pierced, and so then, but then judgment was entered against Mr. Freed individually, and why should we, it seems to me the district court just not address that issue, and it's an unusual circumstance here that we're facing about, you know, it wasn't really moved for it, and yet the judgment was granted. I understand your argument in your brief is that essentially the issue was weighed, but they did raise it in the pretrial brief, so I'm just not sure what happened here, and what we should do under these circumstances. Your Honor, I can clarify. In fact, I have a section on this. First of all, our reason for asking for a judgment against Mr. Freed was not solely based on piercing the corporate bail. We allege that he was a party to the contract. Now, this is confirmed by multiple facts. If you look at the April 13, 2020 email, which confirmed the party's agreement, it says Jay Freed has agreed to purchase 20 million masks from UPT, so he was a party to this agreement, and at no point did he ever object that. In fact, there are UMF undisputed material fact number five, which they did not dispute that Mr. Freed was involved individually in formation of the contract. UMF number eight, they did not dispute. They only disputed that the shipping address was changed, and they did not state that Mr. Freed was a party to the agreement. It's also UMF number 11. I mean, the whole question, I don't think anybody's disputing that he was party to the agreement. The question is if he's party to the agreement in his individual capacity. Yes, your honor, and that's why there are two parties, and the emails and the WeChat clearly refer to them. Now, there's generally a presumption that an individual is acting on behalf of their principal, which here would be above edge, so did you actually address specifically the issue in your motion for summary judgment that he should be, he was as an individual, not as an agent? Yes, your honor. Of edge, a party to the contract. Where was that in your summary judgment briefing? Your honor, it was part of our arguments in our memorandum of points and authorities. It was part of our... Where in your motion for summary judgment? Your honor, in the undisputed material facts, every time we said that... Where did you make the argument? Your honor, we said defendants, both of them, and I believe... That doesn't really help you. I mean, defendants is the same whether, I mean, that doesn't bring him in, in his individual capacity. Where did you make the argument? Look, maybe you get out of this, but I think you've got to be clear with the court about what was argued. You didn't, as I understand it, you proved me wrong. You didn't argue that he was liable in his individual capacity. Your honor, I was part of drafting that motion for summary judgment. I have to go pull it up, but I have argued, and we argued that both parties were buying by the contract. To make him liable, and for him to be individually liable, it seems like you need to show that he was the alter ego, or the company was the alter ego to him, and I don't see anywhere in your briefing where that's laid out. There's no evidence of that that was presented in your motion for summary judgment, but tell us if we're wrong here. Of course, your honor. So what we argued in our motion for summary judgment was twofold, that he was a party to the agreement, and that all documents, and they agreed with that in not disputing on that undisputed material facts, and in fact, there is an email. There was a nonsensical statement you just made. They agreed to what? They agreed that he was a party to the agreement. That's not, you're not answering our question. Sure, I apologize. We all agree that he was a defendant in a party. The question is whether it was in his individual capacity, or his capacity as an officer of the corporation. Of course. Where did you say it was in his individual capacity? Undisputed material fact number five. Let me go to that page. Number eight, number 11, number 18, and number 19, your honor. And you just say individual capacity? Yes, your honor. Can you just read me one of those passages? I have to go to my computer, your honor, and I don't want to take the two minutes that I have Well, it's a kind of the critical issue, I think, right now that we're focused on, but I'm not quite sure what we do at this point. Let's just assume that there's not, that you didn't make a sufficient enough of a request in your motion for summary judgment for the district court to make that determination. I'm trying to figure out the path forward. What do we do in light of that? It seems like it was all briefed in the pre-litigation. Is that correct? Because that was contemplated in the pre-litigation briefing. Can we look at that and make a decision based on that information there? No, your honor. I believe both your honors correctly stated that there was a waiver and a forfeiture. We have talked about piercing the corporate veil, but our hands were tied because motion 11A, number one, was granted specifically. That's actually a completely different issue. We could not get facts. We could not get evidence of the- That's fine, but you didn't make that argument to the district court. That's not, I mean, you may be right about that, but that's not what the district court said. The district court did not sanction them in discovery and assume a fact because of their, maybe the district court would, but it didn't do that. I believe the district court found him to be a party to the agreement in addition to be an alter ego in this case because- The district court did not find him to be an alter ego. To point me to where the district court said that. The district court, your honor, found that Mr. Freed was responsible. And your honor, if- I mean, the problem is you might actually have some arguments here, but they weren't aired to the district court. And if they weren't aired, the whole problem here is notice. I mean, it's just, it's difficult. Your honor, I will ask the court to give us permission to brief this so that we can point specifically in the documents because I'm at a disadvantage here to open up my computer within this time and pull the facts. I believe they are in my motions. If you give me the opportunity to brief, a five page brief would be sufficient to just point to the different sections and on that issue for both sides, I would appreciate that. But short of that, your honor, the simple answer is that they never raised it on the opposition. Raising it on at the FSC or raising it in the answer does not preserve it. If it's not raised in the opposition for motion for summary judgment, your honor, it is waived. And that's not the only issue. The order for the summary judgment was sent to the defendants to object. They again did not object. They could have raised an objection. They, in fact, consented. You mean a motion for reconsideration? You're correct, your honor. Is there a case law that says you forfeit if you don't raise a motion for reconsideration? I believe that there is, but I don't have it on the top of my head, so I don't want to overstate my position, your honor. All right. Thank you very much. I appreciate your argument. Thank you. So, let me go back to you, Mr. Carr. I think we used a lot of your time, so I'll just give you a minute. Yeah, so to conclude, the issue with the Pierce v. Corporate Vale is, A, there's no evidence, and we know the discovery issue, but that is not what the court had said in the granting of the motions in Lemonet. Number two, I think, upon the Pellett's report, re-review of the undisputed, the submission of undisputed material facts, they will find that what the way that opposing counsel described it is just not the way that they're stated. You know, I don't see the word individually or when I reviewed the record anywhere, like you had said, at all times, no reasonable person to read that and understand that they were alleging him to be acting in his individual capacity. Sorry to interrupt, but the district court just reached out and entered this on its own? I mean, the district court came up with the idea that he was individually liable in some way. It's odd that the district court would have done that if that issue wasn't somehow before him. So, it's just a very odd. I would just say that, but that is what the record shows. There's nothing in the analysis of the granting of summary judgment that even talks about it. It just refers to them as defendants. All right. And that's, yeah, that's exactly how his motion was submitted as well. Thank you very much, Mr. Kerindi and Mr. Carr. Appreciate your oral arguments here today. The case of United Products and Technology Limited versus Above Edge LC and Jay Freed is now submitted and we are adjourned. Thank you. Thank you for your time. All rise.
judges: MURGUIA, NELSON, SUNG